IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NA'GUERIAN SIMONE          : Civil No. 1:26-CV-480
ROLLERSON-WRIGHT,          :
                           :
    Plaintiff,             :
                           :
        v.                 :
                           : (Chief Magistrate Judge Bloom)
THE GOOD STATE             :
OF GEORGIA, et al.         :
                           :
    Defendants.            :

## MEMORANDUM AND ORDER

## I.  Background

This is a civil action filed by the *pro se* plaintiff, Na'Guerian Simone Rollerson-Wright, an inmate in the Macon State Prison in Georgia.[1] Rollerson-Wright filed this action against the State of Georgia, the Georgia Department of Corrections, the state and federal judiciary in Georgia, Georgia county courts, and the state and federal Bureaus of Investigation.[2] Rollerson-Wright's complaint is almost completely incomprehensible, containing ramblings of alleged stolen chiefdom and

---

[1] Doc. 1.
[2] *Id.*

constitutional violations dating back to 1981.[3]   The plaintiff alludes to conduct related to an arrest for controlled substances at an unidentified time, which he appears to claim was unlawful and due to false reports from the Fulton County District Attorney.[4]   He also asserts that there is a federal informant working within the prison system who gives false information to the FBI.[5]   The plaintiff attempts to tie this conduct to David Duke and the Ku Klux Klan.[6]   While he alleges violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights,[7] the complaint is completely devoid of any actual legal claims or relief.

Along with the complaint, Rollerson-Wright filed a motion for leave to proceed *in forma pauperis*.[8]   After consideration, we will order that this matter be transferred to the United States District Court for the Middle District of Georgia.

---

[3] *See e.g.* Doc. 1-1 at 4-5 ("[T]he kidnapping of Mr. Na'guerian Simone's son and the child's mother . . . constituted the legal and moral basis for the occupation of Atlanta, then part of Mr. Na'Guerian Simone's princedom, now recognized as kingdom and chiefdom.")

[4] *Id.* at 9.

[5] *Id.*

[6] *Id.*

[7] Doc. 1 at 6.

[8] Doc. 2.

## II.   <u>Discussion</u>

In federal civil actions, 28 U.S.C. § 1391(b) dictates that such actions should be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[9]

Here, it is not alleged that any defendant is a resident of Pennsylvania. Additionally, the plaintiff fails to include any factual allegations regarding where any of the alleged conduct occurred, let alone that any of the alleged conduct occurred in the Middle District of Pennsylvania. Instead, it appears that many of the defendants, and possibly the conduct underlying the plaintiff's claims, occurred in the jurisdiction of the United States District Court for the Middle District of Georgia. Thus, venue is not proper in this court.

---

[9] 28 U.S.C. § 1391(b).

Finally, we note that "[a] motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)."[10]   Accordingly, in the interest of justice and to preserve the rights of the *pro se* plaintiff, we will order this case be transferred to the United States District Court for the Middle District of Georgia.

## III.   Order

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT this case be TRANSFERRED to the United States District Court for the Middle District of Georgia.

> *s/ Daryl F. Bloom*
> Daryl F. Bloom
> Chief United States Magistrate Judge

Dated:   March 5, 2026

---

[10] *Silong v. U.S.*, 2006 WL 948048, at * n.1 (M.D. Fl. Apr. 12, 2006) (citation omitted); *see also Jones v. Wetzel*, 2013 WL 3381435, at *2 (M.D. Pa. July 8, 2013) (collecting cases).